## FLEISCHER v FLEISCHER
### Case No. 89-10018 FB
Fifteenth Judicial Circuit, Palm Beach County

May 8, 1990

## OPINION OF THE COURT

JOHN D. WESSEL, Circuit Judge.

### ORDER GRANTING REHEARING AND AMENDING FINAL JUDGMENT

This matter came before the Court on the Motion for Rehearing of the Wife. This Court is granting the rehearing and issues this Amended Final Judgment of Dissolution of Marriage between HOWARD J. FLEISCHER, the husband and IVEY FASKE FLEISCHER, the Wife.

This Court has taken evidence and heard argument in this matter and makes its conclusions of fact and law.

The parties were married to each on June 10, 1984 in Miami, Florida. No children were born of this marriage.

The Wife is thirty-two (32) years of age and is a Medical Doctor specializing in pediatrics with a group located in North Palm Beach County, Florida.

The Husband is thirty-two (32) years of age and has previous training as a salesman and as a draftsman.

The marriage between the Husband and Wife is irretrievably broken.

The Wife is a native of Miami Beach and for the past two and one-half (2-½) years has resided in Palm Beach County. She practices medicine with a medical group in North Palm Beach, which specializes in pediatrics. Her income exceeds $50,000.00 per year. She is a contract employee and will have the opportunity at the end of the contract, to buy into a partnership, if she so desires.

The parties met while she was in medical school at the University of South Florida in Tampa, where she was beginning her Internship. She eventually did her Residency in that area and then moved to Palm Beach County.

The Husband, at the time of the marriage was a salesman of office supplies and furnishings. He continued that occupation in the Tampa area and when the parties moved to Palm Beach. The Wife financed his enrollment in the New England School of Technology, in which the Husband became a draftsman. He is currently employed full time as a draftsman and earns approximately the same salary he did when he was in the field of office supplies and furniture sales.

The Husband claims he is entitled to an equitable distribution of the assets and to permanent or rehabilitative alimony.

The parties have stipulated and agreed that the Wife will pay the attorney fees of the Husband.

The Wife concedes the Husband has a special equity in the marital home in that the Husband contributed out of his separate funds $20,000.00. The fair market value of the home, which apparently is undisputed but the Husband fails to adjust for a six (6%) to seven (7%) per cent real estate commission, indicating the net adjusted fair market value of the home is $170,000.00. The price of the home was $169,000.00. Accordingly, the Husband's interest in the home is $10,070.00, plus $1,208.00, as determined from the *Landay Formula,* computed as the cost of the home ($169,000.00 plus one-half (½) of the ratio of $20,000.00 the Husband's contribution) over the adjusted fair market value of the home $170,000.00 or $11,278.00.

The Wife asks this Court to require the Husband to partake of a proceeding under Jewish Law called a "Get," in order for a Former Wife to have standing in the Jewish tradition. The Husband is the only party having standing to secure this religious "Get." Essentially, this frees his Jewish Wife from the bonds of a Jewish marriage. Although

this has not been recognized in Florida jurisprudence, it has been in other jurisdictions. See *Burns v Burns,* New Jersey Superior Court Chancelor Division, February 24, 1988, *Minkin v Minkin,* 434 A.2d 544 (New Jersey Superior Court 1981).

This Court has the equitable authority to grant this relief based on the inherent power of this Court. Denying this claim as the Husband suggests would be grossly unfair and would perpetuate a gender-based disadvantage to the Wife.

The Husband claims he has an interest in the Wife's medical practice. The Wife is merely a contract employee being currently paid a salary. The future rights and interest in any medical practice is speculative, at best, and will not come about until such time as she enters into a contract and pays for a partnership interest.

The parties have acquired an interest in the following marital assets:

## MARITAL ASSETS

| | | |
|---|---|---:|
| (1) | 1985 HONDA | $6,000.00 |
| (2) | MARITAL HOME - NET | 20,140.00 |
| (3) | STOCKS & BONDS | 3,000.00 |
| (4) | FURNITURE & FIXTURES | 20,000.00 |
| (5) | IRA | 6,200.00 |
| (6) | PENSION | 5,800.00 |
| (7) | JEWELRY | 1,500.00 |
| (8) | TOOLS | *200.00* |
| | TOTAL | $62,840.00 |

This Court finds that an equitable distribution of the marital assets of the parties should be distributed as follows:

## HUSBAND'S EQUITABLE DISTRIBUTION

| | | |
|---|---|---:|
| (1) | 1985 HONDA | $6,000.00 |
| (2) | FURNITURE AND FIXTURES | 15,000.00 |
| (3) | CASH ACCOUNT | 600.00 |
| (4) | JEWELRY | 500.00 |
| (5) | TOOLS | 200.00 |
| (6) | IRA | *3,100.00* |
| | TOTAL | $25,400.00 |

## WIFE'S EQUITABLE DISTRIBUTION

(1) MARITAL HOME NET . . . . . . . . . . . . . . . . . . . . . . $20,140.00

(2) FURNITURE & FIXTURES . . . . . . . . . . . . . . . . . . . 5,000.00

(3) JEWELRY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,000.00

(4) IRA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,100.00

(5) PENSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,800.00

(6) CASH ACCOUNT . . . . . . . . . . . . . . . . . . . . . . . . . 600.00

(7) STOCKS AND BONDS . . . . . . . . . . . . . . . . . . . . . . . *3,000.00*

TOTAL . . . . . . . . . . . . . . . . . . . . $38,640.00

In determining this distribution this Court recognizes that some of these assets have already been exchanged pendente lite and some others will require a transfer, for instance the cash and balance due the Husband to achieve an equitable distribution.

The balance due from the Wife under this plan will require the Wife to make a cash distribution to the Husband in the amount of $6,620.00. The Husband is also entitled from the Wife his special equity in the marital home as previously determined by the Court in the amount of $1,208.00. Accordingly, the Wife must pay to the Husband the sum of $7,828.00 to satisfy his interest in this estate. However the Wife is entitled to an offset against this amount of $1,800.00 distributed to the Husband pendente lite and the sum of $3,000.00 for the stock and bonds awarded to the Wife which were taken by the Husband pendente lite. The total offset amounts to $4,800.00. The net due the Husband would be $3,028.00.

This Court in the exercise of its discretion will deny the Husband's claim for any form of alimony. See *canakaris v Canakaris,* 382 So.2d 1197 (Fla. 1980) attached.*

The Husband will be awarded attorney fees and costs for these proceedings as stipulated by the parties in the amount of $6,978.23.

ORDERED AND ADJUDGED:

1. JURISDICTION

This Court has jurisdiction over the subject matter and the parties to this action.

---

* For purposes of publication, *Canakaris v. Canakaris,* 382 So.2d 1197 (Fla. 1980) is not attached as indicated in the Court's opinion.

## 2. DISSOLUTION OF MARRIAGE

The marriage between IVY FASKE FLEISCHER and HOWARD J. FLEISCHER is irretrievably broken and dissolved advinculo.

## 3. EQUITABLE DISTRIBUTION

a. The Husband shall be entitled as an equitable distribution of the marital assets the items 1 through 6.

| | | |
|---|---|---|
| (1) | 1985 HONDA | $6,000.00 |
| (2) | FURNITURE AND FIXTURES | 15,000.00 |
| (3) | CASH ACCOUNT | 600.00 |
| (4) | JEWELRY | 500.00 |
| (5) | TOOLS | 200.00 |
| (6) | IRA | *3,100.00* |
| | TOTAL | $25,400.00 |

b. The Wife shall be entitled as an equitable distribution of the marital assets the items 1 through 7.

| | | |
|---|---|---|
| (1) | MARITAL HOME NET | $20,140.00 |
| (2) | FURNITURE AND FIXTURES | 5,000.00 |
| (3) | JEWELRY | 1,000.00 |
| (4) | IRA | 3,100.00 |
| (5) | PENSION | 5,800.00 |
| (6) | CASH ACCOUNT | 600.00 |
| (7) | STOCKS AND BONDS | *3,000.00* |
| | TOTAL | $38,640.00 |

c. The parties shall execute whatever documents are necessary to affect the transfer of said properties within thirty (30) days of the date of this Final Judgment.

d. The Wife is entitled to an offset against the interest of the Husband for the funds previously paid, against any funds due him herein. The Wife shall pay to the Husband within a reasonable period of time the cash difference to settle the equitable distribution in the amount of $3,028.00, including the Husband's special equity.

## 4. RESTORATION OF NAME

The Wife's name is restored to IVY FASKE.

## 5. SPECIAL EQUITY

The Husband is entitled to special equity in the amount of $1,208.00 as provided in the offset in Paragraph 3.d. above.

## 6. ATTORNEY FEES

The Husband is entitled to attorney fees and costs in the amount of $6,978.23. The Wife shall pay these attorney fees and costs within a reasonable period of time.

## 7. OTHER

The Husband is required to execute whatever documents are necessary in order for the Wife to obtain a "Get" which is the Jewish tradition. THe Wife may withhold the distribution of any funds until the Husband executes whatever documents are required for the "Get."

## 8. JURISDICTION

This Court retains jurisdiction in all matters pertaining to all of the above.

DONE AND ORDERED at West Palm Beach, Florida this 8th day of May,1990.